UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IVAN SEAN BARTON,

                    Plaintiff,

        -against-

LATIA HARRIS, et al,

                    Defendants.

1:19-CV-4924 (CM)

ORDER OF DISMISSAL AND TO SHOW CAUSE UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action invoking the Court's federal question and diversity jurisdiction. By order dated July 31, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below. Within thirty days of the date of this order, Plaintiff must submit a declaration setting forth good cause why the Court should not impose a bar order.

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

Plaintiff names as defendants in the caption of the complaint six defendants: Latia Harris, a "[h]igh end/class – prostitute escort" from New Jersey; Regina Smith, a "[h]igh end/class – prostitute escort" from Georgia; LaShawn Kitchen, a "[h]igh end/class – prostitute escort" from Ohio; Lance Trevor Barton, the CEO of Barton Enterprise and a family member; and Jean and Vanessa Escourse. (ECF No. 2, p. 1.) Plaintiff also attaches multiple pages naming hundreds of additional defendants, including well-known brands, public figures, and entities such as Nike, Burberry, Gucci, Prada, Sony, Stanford University, Lebron James, Jeffrey Bezos, Will Smith, Mark Zuckerberg, and Queen Elizabeth.

Plaintiff first makes assertions about his illegal prosecution by the New York County District Attorney's Office in 1995, his "false mockery of justice trial," and the Legal Aid Society's failure to represent his interest on appeal. (ECF No. 2, p. 5.) Plaintiff alleges a conspiracy between the government, his former girlfriends, and various members of his family to deny him due process and keep him incarcerated. He refers to being doused with gasoline and set on fire in 1995, which was to deter him from exposing "the illegality of [his] conviction," and attributes these actions to the prosecutors and judge in his criminal case. (ECF No. 2, p. 24, 32). Plaintiff asserts that as a result of these events, he lost his life and liberty, he was denied the

pursuit of happiness and the ability "to choose [his] own sexuality," and he sustained physical, emotional, and mental scars. (ECF No. 2, p. 6.)

Plaintiff also makes rambling and, at times, incoherent assertions about rapes, molestation, and pedophilia involving various people from his life, including many of his relatives. He alleges that after he impregnated Latia Harris, she hid the child's birth from him, and as the child grew up, Jean and Vanessa Escourse "orchestrated the depraved heinous acts of pedophilia against [the] child." (ECF No. 2, p. 25.) Plaintiff further claims that other children were repeatedly molested and raped by members of the Escourse family and others but that nothing was done. Plaintiff asserts that "these atrocious[,] heinous[,] depraved acts of rape and pedophilia" were revealed to the government and media before his incarceration in 1994, but that members of the New York County District Attorney's Office allowed these atrocious acts to continue unabated. (ECF No. 2, p. 27.)

Plaintiff's complaint continues along the same vein, with allegations about his former girlfriends having his children and the children then being subjected to rape and other abuses; his mother having a vendetta against him because she was raped by Plaintiff's biological father, his uncle, and other family members; his family and the Escourse family placing hexes on him; Rakim Mayers concealing his true identity as Plaintiff's son; and Plaintiff's wish for a DNA test to prove that he is Mayers' biological father. Plaintiff also asserts that a host of well-known individuals and entities are committing malfeasance against him. He seeks 3 trillion dollars in compensation.

**DISCUSSION**

Even when read with the " special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474–75, Plaintiff's complaint must be dismissed as frivolous. Plaintiff's claims rise to the level

3

of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## ORDER TO SHOW CAUSE

Plaintiff is no stranger to this Court, having filed numerous complaints while incarcerated and as a nonprisoner. He has a history of filing complaints and then moving for voluntary dismissal. *See Barton v. Kushner*, ECF 1: 18-CV-5173, 21 (S.D.N.Y. Oct. 22, 2018) (dismissed after Plaintiff notified the court that he wished all of his pending cases be dismissed); *In re: Ivan Sean Barton*, ECF 1:18-CV-2021, 5; ECF 1:18-CV-2148, 5; ECF 1:18-CV-2192, 5 (S.D.N.Y. Mar. 22, 2018) (same); *Barton v. James*, ECF 1:18-CV-1821, 6 (S.D.N.Y. Mar. 22, 2018) (same); *Barton v. Davis*, ECF 1:17-CV-6601, 25 (S.D.N.Y. Mar. 13, 2018) (same); *Barton v. Brown*, ECF 1: 17-CV-6598, 31 (Mar. 13, 2018) (same); *Barton v. Hannah*, ECF 1:17-CV-5100, 46 (S.D.N.Y. Mar. 14, 2018) (same); *Barton v. Kushner*, ECF 1:17-CV-5051, 24 (S.D.N.Y. Mar. 13, 2018) (same); *Barton v. Woodman*, ECF 1:17-CV-5050, 32 (S.D.N.Y. Mar. 13, 2018) (same); *Barton v. Doe*, ECF 1:99-CV-1671, 28 (S.D.N.Y. Sept. 6, 2001) (closed after Plaintiff notified the court that he would like to withdraw the case); *Barton v. Sarles*, ECF 1:00-CV-2519, 14 (S.D.N.Y. Mar., 22, 2001) (same). Three of Plaintiff's other cases were dismissed *sua sponte* on the merits. *See Barton v. Rodriguez,* ECF 1:17-CV-3446, 11 (S.D.N.Y. Jan. 11, 2018) (dismissing action for failure to state a claim); *Barton v. Obama*, ECF 1:16-CV-4211, 4 (S.D.N.Y. Aug. 10, 2016) (dismissing action as frivolous and for failure to state a claim); *Barton v. Downs*, ECF 1:00-CV-

6649, 3 (S.D.N.Y. Sept. 6, 2000) (dismissing action for failure to state a claim). Yet others were dismissed for failure to prosecute, *see Barton v. Doe*, ECF 7:18-CV-5972, 36 (S.D.N.Y. May 20, 2019); *Barton v. Will,* ECF 1:18-CV-5971, 23 (S.D.N.Y. filed June 29, 2018); *Barton v. Obama*, ECF 1:16-CV-4212, 31 (S.D.N.Y. Mar. 9, 2018), for failure to comply with court orders, *see Barton v. Bararaky*, ECF 1:18-CV-11303, 3 (S.D.N.Y. Apr. 17, 2019); *Barton v. Mahoney*, ECF 1:18-CV-11937, 3 (S.D.N.Y. Mar. 6, 2019); *Barton v. Doe*, ECF 1:18-CV-11057, 3 (S.D.N.Y. Jan. 23, 2019); *Barton v. Bararaky*, ECF 1:18-CV-11936, 3 (S.D.N.Y. Jan. 22, 2019); *Barton v. Doe*, ECF 1:15-CV-7690, 5 (S.D.N.Y. Dec. 22, 2015); *Barton v. Doe*, ECF 1:15-CV-7574, 5 (S.D.N.Y. Nov. 9, 2015); *Barton v. Janssen Pharmaceuticals*, ECF 1:15-CV-3200, 6 (S.D.N.Y. June 18, 2015), or as duplicative, *see Barton v. Doe*, ECF 1:18-CV-11823, 2 (S.D.N.Y. Dec. 18, 2018). Plaintiff has one case pending. *See Barton v. Otsuka Pharmaceuticals*, ECF 1:19-CV-4758, 5 (S.D.N.Y. filed May 28, 2019) (order to amend issued June 21, 2019; amended complaint filed July 9, 2019).

On June 21, 2019, Plaintiff was warned that further duplicative or frivolous litigation in this Court will result in an order barring him from filing any new actions IFP without prior permission. *See Barton*, ECF 1:19-CV-4758, 5; *see also* 28 U.S.C. § 1651. Plaintiff filed this action before that warning was issued.

Given the sheer number of cases Plaintiff has filed, the Court finds that Plaintiff was or should have been aware that his claims lacked merit when he filed them. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Plaintiff is therefore directed to show cause why he should not be barred from filing any further actions in this Court IFP without first obtaining permission from this Court to file his complaint. *See Moates v. Barkley*, 147 F.3d

207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Within thirty days of the date of this order, Plaintiff must submit to this Court a declaration setting forth good cause why the Court should not impose this injunction upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this Court unless he first obtains permission from this Court to do so.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Plaintiff shall have thirty days to show cause by declaration why an order should not be entered barring him from filing any future action *in forma pauperis* in this Court without prior permission. A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 27, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or respondent.

# DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|

| Name | Prison Identification # (if incarcerated) |
|---|---|

| Address | City | State | Zip Code |
|---|---|---|---|

| Telephone Number (if available) | E-mail Address (if available) |
|---|---|